

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 30, 1952

Hon. C. H. Cavness      Opinion No. V-1445
State Auditor
Austin, Texas      Re: Legality of the State's
                            paying compensation to a
                            member of a district
                            board of supervisors of
                            a soil conservation dis-
                            trict for services ren-
                            dered at the same time
                            that he is receiving com-
                            pensation from his dis-
                            trict as an employee
Dear Sir:                    thereof.

      Your request for an opinion, in part, reads
as follows:

      "In connection with our audits of the
State's Soil Conservation Districts organ-
ized under the provisions of Article 165a-
4, we have found some instances where
Boards of District Supervisors have appoint-
ed one of their Members to certain manage-
rial or other duties, and provided compensa-
tion for such services. Examples: respon-
sible for renting the District's equipment;
keeping the equipment repaired; collecting
equipment rentals; and keeping the records
of the District. The Board Member is paid
either a monthly salary or a per cent of
the rental receipts collected.

      "During the same period the Member, as
a District Supervisor, receives per diem and
traveling expense out of the State's General
Revenue Fund from appropriations to the State
Soil Conservation Board, in accordance with
the provisions of Article 165a-4, Sec. 6.

      "Please advise us if it is legal for a
Member of the Board of District Supervisors
of a Soil Conservation District to be paid
compensation from the State as a Member of a

Board of District Supervisors and at the
same time be paid compensation directly
from his own Board for additional ser-
vices to his own Soil Conservation Dis-
trict."

Article 165a-4, Vernon's Civil Statutes,
the "State Soil Conservation Law," was enacted by
the Legislature pursuant to the duty imposed upon it
by Section 59 of Article XVI of the Constitution of
Texas "to conserve soil resources and prevent soil
erosion," and to restore the fertility of soil, one
of the State's most important natural resources, and
for other closely related purposes. It provides for
the creation of soil conservation districts which
shall be governmental subdivisions of the State, pub-
lic bodies corporate and politic, exercising govern-
mental powers for the purposes stated therein, in-
cluding the power to act as agents of the State in the
performance of certain duties resting upon the State.

This statute provides that each soil conser-
vation district so created shall be divided into five
subdivisions by the State Soil Conservation Board and
from each subdivision there shall be elected in the
manner therein provided one supervisor. These five
supervisors constitute the district board of supervi-
sors, the governing board of the district. The stat-
ute prescribes the supervisors' tenure of office,
powers and duties; fixes their compensation for cer-
tain services and mileage in connection therewith; and
authorizes the supervisors to designate a chairman, a
vice-chairman, and secretary of the board.

Section 6 of Article 165a-4, in part, pro-
vides:

"A supervisor may receive compensa-
tion for services not to exceed Four
Dollars ($4) for each day he shall be in
attendance at the regular meetings of the
Board of Supervisors and Five (5) Cents
per mile for travel each way between the
residence of a supervisor and the desig-
nated business office of the district su-
pervisors. Supervisors shall be paid
quarterly for their services, and may not
receive compensation and mileage for any

number of days in excess of five (5)
in any three-month period, except one
member of each Board of Supervisors
shall be entitled to receive Four Dol-
lars ($4) per day not to exceed two
(2) days, and Five (5) Cents per mile
while attending an annual State-wide
meeting of supervisors to be held at
a time and place to be determined by
the State Soil Conservation Board.
. . .

"The supervisors may employ such
officers, agents, and employees, per-
manent and temporary, as they may re-
quire, and shall determine their quali-
fications, duties, and compensation.
The supervisors may delegate to their
chairman, to one or more supervisors,
or to one or more agents or employees,
such powers and duties as they may deem
proper. . . ."

The appropriations from which the per diem
and mileage are to be paid supervisors "while attend-
ing an annual State-wide meeting" and for "attendance
at the regular meetings of the Board of Supervisors"
during each year of the current biennium are contained
respectively in Items 1, 2, and 12 of Article III,
House Bill 426 (the general appropriation bill), Acts
52nd Leg., R.S. 1951, ch. 499, p. 1228, at page 1424.

Subsection 10 of Section 7 of Article 165a-
4 provides:

"The Supervisors shall have no
power to levy taxes. . . ."

However, Section 7 specifically authorizes a
board of supervisors to render numerous services to oc-
cupiers and owners of land within its district and to
receive compensation therefor for the use and benefit
of the district.

They are also authorized:

". . . to acquire by gift, grant,
bequest, demise, or otherwise, any

property, real or personal; to re-
ceive income from such properties and
to expend such income in carrying out
the purposes and provisions of this Act;
. . . to sell, lease, or otherwise dis-
pose of any of its property or interest
therein in furtherance of the purposes
of this Act; . . . to accept donations,
gifts, and contributions in money, ser-
vices, materials, or otherwise, from
the United States, or any of its agen-
cies, or from this State, or any of its
agencies, and to use and expend such
moneys, services, materials, or contri-
butions in carrying on its operations."

The funds of a district are those derived
from one or more of the sources mentioned in Article
165a-4, and may be designated as "local funds" or
those granted to it by the State.[1] It is from one or
both of these funds that a board of supervisors pays
one of its members for services such as those men-
tioned in your letter. Neither of these funds is de-
posited in the State Treasury. The local funds of
the district are under the control of its board of
supervisors. The funds granted by the State to a dis-
trict are required by the terms of the grants to be
deposited "with a State or National bank or banks" and
may be withdrawn only on approval of its board of su-
pervisors by check or order signed by the chairman and
secretary of the board.

Section 40 of Article XVI of the Constitution
of Texas provides:

"No person shall hold or exercise,
at the same time, more than one office
of emolument. . . ."

Section 33 of the same Article declares:

"The accounting officers of this
State shall neither draw nor pay a war-
rant upon the Treasury in favor of any

---

[1] Cf. H.B. 97, Acts 51st Leg., R.S. 1949, ch. 540,
p. 1000 (Art. 165a-8, V.C.S.); H.B. 190, Acts 52nd Leg.,
R.S. 1951, ch. 497, p. 1206 (Art. 165a-9, V.C.S.).

person, for salary or compensation as
agent, officer, or appointee who holds
at the same time any other office or
position of honor, trust or profit,
under this State or the United States.
. . ."

This section contains numerous exceptions,
but none of them is applicable to the situation un-
der consideration here.

There is a well recognized distinction be-
tween an office and a position of employment. This
distinction is clearly stated in Knox v. Johnson, 141
S.W.2d 698, 700 (Tex. Civ. App. 1940, error ref.), as
follows:

"It may be stated, as a general
rule deducible from the cases discussing
the question, that a position is a pub-
lic office when it is created by law,
with duties cast on the incumbent which
involve an exercise of some portion of
the sovereign power and in the performance
of which the public is concerned, and
which are continuing in their nature and
not occasional or intermittent; while a
public employment, on the other hand, is
a position which lacks one or more of
the foregoing elements."

When the numerous provisions of Article
165a-4 are considered in the light of the foregoing
generally accepted rules for determining whether a
public position is an office or one of employment,
we think the position held by a supervisor of a soil
conservation district is a public office emolument,
and the holder of such an office is, of course, a
public officer.

It is also our opinion that the position
held by a supervisor of a soil conservation district
who has been employed by his board of district super-
visors to perform certain duties for his district,
such as those mentioned in your letter, for which he
is compensated by the board from funds belonging to
the district, is that of a public employee, a "posi-
tion of honor, trust or profit under this State,"
founded on contract between him and his board of su-
pervisors.

Consequently, the prohibitive provisions of Section 33 of Article XVI of the Constitution are applicable here and impel us to answer your question in the negative.

This opinion is limited to the specific question submitted. The question of authority of a board of supervisors of a soil conservation district to employ one of its members to perform services for the district and pay him therefor out of the funds of the district is not before us, hence we express no opinion thereon.

## SUMMARY

A member of a district board of supervisors of a soil conservation district created under Article 165a-4, V.C.S., is a public officer. When such a member is employed by his board to render managerial or other services for his district and for which he receives compensation from the funds of the district, he holds at the same time an office of emolument and also a position of honor, or trust, or profit under this State. Consequently, he cannot be paid by the State for any official services which he may have rendered during the time he was so employed. Tex. Const. Art. XVI, Sec. 33.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

BWB:wb

Yours very truly,

PRICE DANIEL
Attorney General

By Bruce W. Bryant

Bruce W. Bryant
Assistant